

**FILED**

2:20 pm, 7/25/22

**Margaret Botkins**
**Clerk of Court**

Maxwell N. Shaffer, Wyo. #7-5189
Holland & Knight LLP
1801 California Street, Suite 5000
Denver, Colorado 80202
Phone:     303.974.6660
Fax:        303.974.6659
Email:     maxwell.shaffer@hklaw.com

*Attorney for Plaintiff*
*ADA Carbon Solutions (Red River), LLC*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ADA CARBON SOLUTIONS (RED RIVER), LLC, a Delaware Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> ATLAS CARBON, LLC, a Wyoming Limited Liability Company, <br><br> Defendants. | Case No. |

**VERIFIED COMPLAINT**

Plaintiff ADA Carbon Solutions (Red River), LLC ("Plaintiff" or "ADA") files the following Verified Complaint against Defendant ATLAS Carbon, LLC ("Defendant" or "Atlas", and together with ADA, the "Parties").

**INTRODUCTION**

1.     This matter arises out of a performance dispute related to a ███████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████

2.      Unfortunately, only six months after executing the Agreement, Atlas improperly

initiated a pressure campaign designed to coerce ADA into agreeing to ████████████████████

████████████████████████████████████████████████     Outside of

vague generalities, Atlas has to date provided no justification for ████████████████████

3.      In late June, Atlas ratcheted-up the pressure on ADA, pressing the issue of pricing

once more.  Through its VP of Sales and Marketing, Amy Cooper, Atlas claimed that it had

████████████████████████████████████     Once again, without

providing specifics, Atlas demanded in conclusory terms that ████████████████████

████████████████████     Atlas continued by renewing its ████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████.

4.      Troubled by Atlas's veiled threat, ADA responded by reiterating its expectation

████████████████████████████████████████████████████████████

████████████████████████████     So that there was no confusion, ADA

also requested confirmation ████████████████████████████████████████

████████████

5.      Not only did Atlas not provide the required confirmation, it did not even

acknowledge receipt of the message.  Instead, it appears to have devised a new plan to achieve

its improper ends.

6.      On July 5, 2022, Reza Hashampor, Atlas's Chief Executive Officer, served ADA with a ███████████████████████████████████████████████████ It appears that in the two business days following ADA's ███████████████████ ████████████████████████████████████████████t, Atlas determined that █████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████ These events taken together, Atlas maintains, have forced it to ██████████████████████████████████████████

████████████████████████████████████

7.      On the morning of July 6, 2022, Wood PLC, the party that Atlas contracts with to operate its Gillette, Wyoming production facility, informed ADA that all of Atlas's ████████

████████████████████████████████

8.      Since that time, ADA has made every effort, in compliance with its obligations under the Agreement, to provide Atlas with the opportunity to cure its breaches and its ultimate Default.  Atlas, unfortunately, has failed to engage in good faith with ADA, and refuses to perform its obligations unless the Parties agree to restructure the Agreement from its current form.

9.      Atlas's sudden suspension of performance under the Agreement has created significant uncertainty regarding ADA's ability to maintain inventory levels, to meet the demand of its customers, and, in turn, to maintain the reputation, goodwill, and valuable business relationships it has worked so long to build and maintain.  If allowed to continue, Atlas's

wrongful and bad-faith conduct will cause business disruption and immediate harm for which legal remedies at trial will not be sufficient to compensate ADA.[1]  Accordingly, ADA files this lawsuit to preserve, protect, and pursue its interests.

## PARTIES

10.    Plaintiff ADA Carbon Solutions (Red River), LLC is a limited liability company formed under the laws of the State of Delaware.  ADA maintains a principal place of business at 201 Red River Mine Road, Coushatta, Louisiana 71019.

11.    Defendant ATLAS Carbon, LLC is a limited liability company formed under the laws of the State of Wyoming.  Atlas maintains a principal place of business at 3574 North Garner Lake Road, Gillette, Wyoming 82716.

## JURISDICTION AND VENUE

12.    ADA's only member is ADA Carbon Solutions (Operations), LLC, a limited liability company formed under the laws of the State of Delaware.  ADA Carbon Solutions (Operations), LLC's only member is ADA Carbon Solutions, LLC, a limited liability company formed under the laws of the State of Delaware.  ADA Carbon Solutions, LLC's only member is Advanced Emissions Solutions, Inc., a corporation formed under the laws of the State of Delaware.  Advanced Emissions Solutions, Inc. maintains a principal place of business at 8051 E. Maplewood Avenue, Suite 210, Greenwood Village, Colorado 80111.  For the purposes of subject matter jurisdiction, ADA is therefore considered a resident both of the State of Delaware and the State of Colorado.

---

[1] ADA is simultaneously preparing a motion for filing with the Court seeking a preliminary injunction to preserve the status quo amongst the Parties, and in light both of their obligations under the Agreement and the availability to ADA of the remedy of specific performance.

13.     Upon information and belief, as of the time of this filing no member of Atlas is a resident either of the State of Delaware or the State of Colorado.  The Parties to this suit, therefore, are citizens of different states.

14.     Additionally, the amount in controversy between the Parties, including under the Agreement, exceeds the sum or value of $75,000.00, exclusive of interest and costs.  Taken with the citizenship status of the Parties, this Court, therefore, has diversity jurisdiction over this civil matter under 28 U.S.C. §1332(a)(1).

15.     As Atlas was formed under the laws of the State of Wyoming, maintains its principal place of business in the State of Wyoming, and, in fact, generally conducts business in the State of Wyoming, this Court has personal jurisdiction over Atlas.

16.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Atlas maintains its principal place of business in this judicial district and engaged in and perpetuated the wrongful conduct outlined in this Complaint in the State of Wyoming.

## FACTUAL BACKGROUND AND ALLEGATIONS

**A.     Activated carbon.**

17.      ADA primarily focuses its business on providing activated carbon to its customers for use and utilization in a variety of environmental purposes.

18.     Activated carbon is a highly adsorbent product that is manufactured through carbonization via thermal and/or chemical activation.  The process produces a powdered or granular carbon characterized by porosity that increase the surface area available for adsorption and/or chemical reactions.  Activated carbon is commonly used to filter contaminants from water and air.

19.     With respect to its activated carbon products, ADA places a particular emphasis on air emissions, and is dedicated to helping their clients develop effective compliance strategies for their businesses.

20.     Like ADA, Atlas is also in the business of manufacturing activated carbon. According to its website, Atlas produces "activated carbon products that make the world a cleaner and healthier place using an environmentally friendly patented process." (*About Us*, Atlas Carbon (July 8, 2022),  https://www.atlascarbon.com/about-us.)  Atlas also maintains that its "plant in Gillette, WY has the ability and capacity to produce activated carbon products to meet a multitude of applications and specifications for domestic delivery." (*Id.*)

21.     Although ADA and Atlas both manufacture activated carbon, the companies utilize a different manufacturing process and, further, different primary feedstocks.  As a result, while the activated carbons that they produce have some similarities, they also have inherent differences.

**B.     ADA and Atlas form a business relationship.**

22.     ADA and Atlas initially formed a business relationship in the Fall of 2020.  At that time Atlas requested that ADA ████████████████████████████████.  ADA was able to satisfy the request.

23.     ████████████████████████████████████
████████████████████████████████

24.     ████████████████████████████████████
████████████████████████████████████
████████████████████████████

25.     The Parties agreed to meet in person approximately a week later, on or about September 2, 2021, for a site visit at Atlas's facility in Gillette, Wyoming.

26.     ███████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████

27.     Reza Hashampour, the recently appointed Chief Executive Officer of Atlas, was present for this meeting.  He indicated that Atlas wanted ███████████████████████

███████████████████████

28.     Following the September 2, 2021 meeting in Wyoming, ██████████████

███████████████████████████████████████████████████

████████████████████

29.     ███████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████ Just as important, Atlas ███████████████████████████

██████████████

30.     ███████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████

31.     ███████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████

32.     Regardless, the Parties viewed their deal as a win-win.  Upon information and

belief, ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████

**C.      The terms of the Agreement.**

33.     ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████

34.     ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████

35.     ████████████████████████████████████

████████████████████████████████

        ██      ████████████████████████████████

        ██      ████████████████████████████████████

                ██████████████████

        ██      ████████████████████████████████████

                ██████████████████████████



36.

37.

38.

39.

---

<sup>2</sup> "Brominated" product is activated carbon that has been treated with a solid, liquid, or gas form of bromide or bromine.

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████

40.   ████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████



██

41.   ████████████████████████████████████

████



42. ████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
██████████████████████

43. ████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████

44. ████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
██████████████

45. ████████████████████████████████████
████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████

**D.    Atlas's coercive efforts regarding** ███████

46.    During the course of the Parties' performance, on April 1, 2022, ADA's parent company, Advanced Emissions Solutions, Inc. ("AES"), issued a press release in which it announced a "price increase, effective April 1, 2022 or as contract terms permit, on all activated carbon products and front-end coal additives."  AES indicated that its price increases were set to "vary from 15% to 20% depending on the specific product, grade, and application."

47.    Just three weeks later, and only six months ████████████████████████████ ████████████████████████ Atlas made its first demand of ADA to ██████████████ ████████████████████. Multiple similar requests followed, and specifically, according to Atlas, on April 26, 2022 and May 3, 2022, as well as June 2, 7 - 8, 15, 22, 24 and 28, 2022.

48.    ████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██

49. 

50.

51.

52.

53.

54. ███████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████

55. ███████████████████████████████████████████████

███████████████████████████████████████████████████████

As with previous discussions, Mr. Velasquez followed up by email.   On this occasion he

indicated that ████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████   ████████████████████████

███████████████████████████████████████████████████████

█████████

56.   Two days later, ██████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████████

57.   With that said, Ms. Cooper █████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████



58.

59.     Neither Ms. Cooper, nor anyone else associated with Atlas, responded to this email, the expectations it outlines, or its underlined request for confirmation of performance assurances.

**E.     Atlas's declaration of ▮▮▮▮▮▮▮▮ events under false pretenses.**

60.     Instead of providing the requested assurances ▮▮▮▮▮▮▮▮▮▮

61.

62.



63. ███████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████

64.    In support of Atlas's position, █████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████

65.    Although Mr. Hashampour does not provide specifics as to his cited support, it appears, upon information and belief, that the index he referenced is for a product called "Carbon Black."  Carbon Black is not activated carbon and is often made from petroleum products, as opposed to PRB Coal.  In fact, historical market data shows that, today, the price of PRB Coal is down from January of 2022, and, absent slight fluctuations, has remained relatively static since March of 2022.

66.    Ultimately, ████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████    Nonetheless, it maintained that ████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████

67.    The next day, during the morning of July 6, 2022, Wood PLC, the contractor operating Atlas's Gillette, Wyoming plant provided notification to ADA by email that all of Atlas's ███████████████████████████

68.    ██████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████    Atlas did not respond, let alone provide the requested assurances.

69.    On July 8, 2022 ADA served Atlas ████████████████████████

███████████████████████████████████████████████████

ADA indicated in its notice that if Atlas did ██████████████████████████

███████████████████████████████████████████████████

██████████████████████

70.    ADA served its ████████████████████████████████████

████████████████    on July 8, 2022 by FedEx for overnight delivery.    FedEx delivered the correspondence to Atlas's Gillette, Wyoming offices on Monday, July 11, 2022.

**F.**     **Atlas wrongfully withholds performance.**

71.     Counsel for Atlas finally responded to ADA's communications and notices by a letter dated Monday, July 11, 2022.  Counsel indicated that he ███████████████████████████ ███████████████████████████████████████  (**Exhibit 4**, July 11, 2022 Letter from D. Sherman to M. Shaffer Re: ADA Carbon Solutions (Red River), LLC ("ADA")/Atlas Carbon, LLC ("Atlas") ("CSW Letter") at p. 1.)  Atlas's attorney maintained that the previously "provided facts and circumstances" set forth in the ████ demonstrated ███████████████████████████ ███████████████████████████████

72.     With that said, counsel for Atlas indicated that ███████████████████████████ ██████████████████████  (*Id.*)  He explained further:

> The fact of the matter is, the Sales Agreement for Products clearly provides that
> ███████████████████████████████████████████████████████████████
> ███████████████████████████████████████████████████████████████
> ███████████████████████████████████████████████████████████████
> ████

73.     This analysis is problematic for multiple reasons.  First, ███████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ Second, ████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ████████████████  Finally, it represents ██████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ██████████████████████████████████████████

74.     Nonetheless, counsel for Atlas concluded and alleged that ████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████   ████████████████████████████   "However," he continued, "if ADA" wanted "to discuss a different structure," for the Agreement, he indicated that "Atlas" would be "more than glad to engage in such a discussion."  (*Id*.)  In other words, ██████████████████████   Atlas remained willing and capable of ████████████████ ████████████   but simply was choosing not to do so without a restructuring of the Agreement.

75.     All the while, Atlas otherwise appears to be continuing its business operations without pause or interruption.  For example, ████████████████████████████████ ████████████████████████████████████████████████, Atlas simultaneously prepared and submitted a bid to supply activated carbon to the City of Brownsville, Texas.  (**Exhibit 5**, bid sheet.)  Bids were due for this project on July 13, 2022, exactly one week after Wood PLC provided notice that ████████████████████████████████████████ ████.

76.     Atlas beat out several other bidders for this project, including ADA, with a bid of $0.85/lb.  Atlas submitted this bid despite ████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

77.     ADA incorporates here by this reference the contents of Paragraphs 1 - 76 set forth above.

78.     ███████████████████████████████████████████████████

███████████████████████████████████████

79.     The Agreement imposes contractual duties on each of the Parties.

80.     The Agreement, among other obligations, ████████████████████

████████████████████████████████████████████████████

███████████████████

81.     The Agreement, among other obligations, ████████████████████

████████████████████████████████████████████████████

███████████████████████

82.     ADA has complied with each of its responsibilities under the Agreement, including, but not limited to, ███████████████████████████████████

███████████████████████████████████

83.     In contrast, Atlas has not fulfilled its contractual obligations under the Agreement. Specifically, Atlas has, without justification, discontinued the performance of its contractual obligations under the Agreement, and most notably its obligation t████████████████████

████

84.     As a direct and proximate result of Atlas's breaches of the Agreement, ADA has incurred monetary losses and damages in an amount that it will prove at trial, and that exceed the jurisdictional requirements of the Court.

## SECOND CLAIM FOR RELIEF

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

85.     ADA incorporates here by this reference the contents of Paragraphs 1 - 84 set forth above.

86.     Further, the Agreement, like all contracts created under Wyoming law, includes an implied covenant of good faith and fair dealing.

87.     The covenant of good faith and fair dealing requires that neither party to a commercial contract act in a manner that would injure the rights of the other party to receive the benefit of the agreement. It also requires the parties to act in accordance with their agreed common purpose and each other's justified expectations.

88.     Atlas's conduct in discontinuing performance without justification breached the duty of good faith and fair dealing it owed to ADA.  In doing so it acted in a manner outside of ADA's justified expectations, in a way that it knew would injure the rights of ADA, and in a manner that essentially eliminates ADA's ability to receive the benefit it bargained for in entering the Agreement.

89.     As a direct and proximate result of Atlas's breaches of the Agreement, ADA has incurred monetary losses and damages in an amount that it will prove at trial, and that exceed the jurisdictional requirements of the Court.

### THIRD CLAIM FOR RELIEF

**(Equitable Remedy of Specific Performance, pled in the alternative)**

90.    ADA incorporates here by this reference the contents of Paragraphs 1 - 88 set forth above.

91.    

92.

93.

94.    On July 6, 2022, through counsel, ADA notified Atlas of the facts giving rise to its Default, and specifically its decision to ▮▮▮▮▮▮▮▮ required under the Agreement.

95.    ADA provided Atlas with a commercially reasonable opportunity to cure the Default, but Atlas has refused to do so.

96.

97.    Atlas has made no attempts to date to cure its Default under the Agreement.

98.    Upon information and belief, Atlas remains financial viable, and is otherwise conducting its normal business affairs, as evidenced by its recent conduct.  The circumstances

demonstrate that it suspended its performance under the Agreement not for any performance related reason, or because an external event or force frustrated its ability to perform, but instead in an effort to inappropriately and in bad faith force ADA to accept, under economic or business distress, its demands for a ███████████.

99.     Requiring Atlas to specifically perform the terms of the Agreement, ███████████



100.    The circumstances of Atlas's conduct here in serving the Notice under false pretenses additionally show that ordering specific performance would impose no hardship on Atlas.

101.    Specific performance is further justified because Atlas's conduct amounts to a total repudiation of the Agreement.

102.    In as early as April of 2022, and at least through the end of June of 2022, Atlas threatened to stop performing its obligations under the Agreement if ADA did not acquiesce to Atlas's demands to modify the Agreement, and ████████████████████████████████████████████

103.    Upon receipt of Atlas's demand, ADA requested further assurances demonstrating Atlas's intention to comply with the terms of the Agreement, and perform as it was obligated.

104.    Atlas did not respond to ADA's request for assurances of performance. ████████████████████████████████████████████████████

105.    ████████████████████████████████████████████████████



106. ████████████████████████████████████

███████████████████████████████████████████

████████

107.     Accordingly, ADA will request after a trial on the merits that the Court enter

judgment directing Atlas to perform ████████████████████████████████

**PRAYER FOR RELIEF**

WHEREFORE, ADA Carbon Solutions (Red River), LLC prays that the Court enter

judgment in its favor and against ATLAS Carbon, LLC, as follows:

A.     Compensatory and/or general damages against ATLAS Carbon, LLC for the

wrongful conduct described in this Complaint; or, in the alternative, directing ATLAS Carbon,

LLC to specifically perform the Agreement;

B.     Attorneys' fees and costs, as provided for under applicable law;

C.     Pre- and post-judgment interest, as applicable under law or contract; and

D.     Such other further or additional relief as the Court may find necessary, justified,

or proper under the law and the circumstances of this case.

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, OSCAR VELASQUEZ, verify under penalty of perjury that:

1.      I am the Vice President of Sales for Advanced Emissions Solutions, Inc., which is the parent company of ADA Carbon Solutions (Red River), LLC ("ADA").   I have been personally involved in the matters described in the Verified Complaint, dated July 22, 2022.

2.      I have personal knowledge of the factual allegations set forth in Paragraphs 10, 12, and 17-76 of the Verified Complaint based on my personal involvement in this matter and my review of the books and records that ADA maintains in the ordinary course of business, which it is ADA's ordinary practice to maintain.

3.      The factual allegations set forth in the Verified Complaint are true and correct, except as to matters alleged on information and belief, and the exhibits attached hereto are true and correct copies of that which they are purported to be.

4.      The foregoing statements by me are true and correct.

Executed on July 22 , 2022

By: *Oscar Velasquez*
        Oscar Velasquez

Vice President of Sales for Advanced Emissions Solutions, Inc., on behalf of

ADA CARBON SOLUTIONS (RED RIVER), LLC

Dated this 22nd day of July, 2022.                    Respectfully submitted,

                                                      HOLLAND & KNIGHT LLP

                                                      By:  /s/ Maxwell N. Shaffer
                                                      Maxwell N. Shaffer, Wyo. #7-5189
                                                      1801 California Street, Suite 5000
                                                      Denver, Colorado 80202
                                                      Phone: 303.974.6660
                                                      Fax:    303.974.6659
                                                      Email: maxwell.shaffer@hklaw.com

                                                      *Attorney for Plaintiff*