UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ADA CARBON SOLUTIONS (RED RIVER), LLC, a Delaware Limited Liability Company, <br><br> Plaintiff-Counterclaim Defendant, <br><br> v. <br><br> ATLAS CARBON, LLC, a Wyoming Limited Liability Company, <br><br> Defendant-Counterclaim Plaintiff. | Case No. 1:22-cv-00161-SWS |

**JOINT CASE MANAGEMENT PLAN**

1. **The names of counsel or pro se parties who attended the Rule 26(f) meeting and assisted in developing this Case Management Plan.**

   Maxwell N. Shaffer (Wyo. State Bar # 7-5189)
   Kensye N. Wood (*Pro Hac Vice* forthcoming)
   HOLLAND & KNIGHT LLP
   1801 California Street, Suite 5000
   Denver, Colorado 80202
   Phone: 303.974.6660
   Fax: 303.974.6659
   Email: Maxwell.Shaffer@hklaw.com
   　　　　Kensye.Wood@hklaw.com

   *Attorneys for Plaintiff-Counterclaim Defendant ADA Carbon Solutions (Red River), LLC*

   Jeffrey S. Pope (Wyo. State Bar # 7-4859)
   Macrina M. Sharpe (Wyo. State Bar # 7-5757)
   HOLLAND & HART LLP
   2515 Warren Avenue, Suite 450
   P.O. Box 1347
   Cheyenne, WY 82003
   Phone: (307) 778-4200
   Email: jspope@hollandhart.com
   　　　　mmsharpe@hollandhart.com

   *Attorneys for Defendant-Counterclaim Plaintiff ATLAS Carbon, LLC*

2.  **A list of the parties in the case, including any parent corporations or entities (for recusal purposes).**

    *Plaintiff(s) and parent corporations or entities*:
    - Plaintiff ADA Carbon Solutions (Red River), LLC ("ADA");
    - ADA Carbon Solutions (Operations), LLC
    - ADA Carbon Solutions, LLC
    - Advanced Emissions Solutions, Inc.

    *Defendant(s) and parent corporations or entities*:
    - ATLAS Carbon, LLC ("Atlas")

3.  **List any cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

    Not applicable.

4.  **A short statement of the nature of the case (2 pages or less), including a description of the claims and defenses.**

    This matter arises out of a Sales Agreement for Products ("Agreement") between Atlas and ADA, signed October 27, 2021. Under the Agreement, Atlas agreed to deliver, and ADA agreed to purchase, certain amounts of activated carbon produced by Atlas from Powder River Basin coal at its production facility in Gillette, Wyoming. ADA initiated this lawsuit after Atlas suspended its delivery of activated carbon to ADA. ADA claims that the suspension of performance under Atlas's initial claims of force majeure was in bad faith, and that at all times since the effective date of the Agreement Atlas has been able to perform under the Agreement. ADA further claims Atlas's nonperformance under the Agreement has caused ADA to incur monetary damages and losses. In its Complaint, ADA alleges three claims for relief: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) in the alternative, specific performance.

    On August 17, 2022, Atlas filed its Answer to Plaintiff's Verified Complaint and Counterclaims. Therein, Atlas asserts the following affirmative defenses: (1) failure to state a claim upon which relief may be granted; (2) the equitable defenses of estoppel, laches, and/or

unclean hands; (3) ADA's contract claims are barred by its failure to perform its obligations under the Agreement; (4) ADA's contract claims are barred under the implied covenant of good faith and fair dealing; (5) failure to mitigate damages; (6) ADA's damages were caused by unforeseeable superseding and intervening acts; (7) Atlas's obligation to perform under the Agreement is discharged or excused because performance was impossible or impracticable; and (8) Atlas's conduct did not breach the Agreement. Atlas also asserts two counterclaims against ADA: (1) declaratory relief, seeking an order from the Court regarding Atlas's rights during the Trial Period of the Agreement and (2) for breach of the covenant of good faith and fair dealing, alleging that ADA has known since the inception of the Agreement that Atlas's performance was impossible, because, among other reasons, Atlas's feedstock does not allow for the quality of activated carbon product that the Agreement calls for.

ADA filed its Answer to Defendant's Counterclaims on September 12, 2022. Therein, ADA asserted the following affirmative defenses to Atlas's counterclaims: (1) failure to state a claim upon which relief may be granted; (2) Atlas's contract claims are barred by its failure to perform its obligations under the Agreement, which constitute material breaches of the Agreement; and (3) Atlas's counterclaims are barred under the equitable doctrine of unclean hands. ADA also attached to its pleading a declaration from Joseph M. Wong, Ph.D., which provides information that ADA claims disproves Atlas's counterclaim arguments and demonstrates that Atlas's Powder River Basin coal feedstock does allow for the quality of product that the Agreement calls for.

**5.** **A statement describing the basis for jurisdiction and citing specific jurisdictional statutes. If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides.** *If a party is a partnership or limited liability company, and the*

> *pleadings do not allege the citizenship of the partners/members, the parties shall include a statement of whether all partners/members are diverse from the opposite side.*

ADA's only member is ADA Carbon Solutions (Operations), LLC, a limited liability company formed under the laws of the State of Delaware. ADA Carbon Solutions (Operations), LLC's only member is ADA Carbon Solutions, LLC, a limited liability company formed under the laws of the State of Delaware. ADA Carbon Solutions, LLC's only member is Advanced Emissions Solutions, Inc., a corporation formed under the laws of the State of Delaware. Advanced Emissions Solutions, Inc. maintains a principal place of business at 8051 E. Maplewood Avenue, Suite 210, Greenwood Village, Colorado 80111. For the purposes of subject matter jurisdiction, ADA is therefore considered a resident both of the State of Delaware and the State of Colorado.

Atlas was formed under the laws of the State of Wyoming and maintains its principal place of business in the State of Wyoming. No member of Atlas is a resident of either the State of Delaware or the State of Colorado. The Parties to this suit, therefore, are citizens of different states.

Additionally, the amount in controversy between the Parties, including under the Agreement that is the subject of the litigation, exceeds the sum or value of $75,000.00, exclusive of interest and costs. This Court, therefore, has diversity jurisdiction over this civil matter under 28 U.S.C. §1332(a)(1).

6. **A list of any parties who have <u>not</u> been served, and an explanation of why they have not been served. Also, a list of any parties who have been served, but have not answered or otherwise appeared.**

   Not applicable

7. **A statement of whether any party expects to add additional parties to the case or otherwise amend the pleadings (the Court will set a deadline to join parties or amend pleadings at the conference).**

   ADA anticipates seeking leave to amend its Complaint in accordance with the deadline that this Court sets at the Initial Pretrial Conference. Atlas does not currently anticipate any

amendments or the addition of any parties.  The Parties otherwise will plead additional claims and/or state affirmative defenses through an appropriate and timely request to the Court under the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's scheduling orders.

**8.     Whether there are dispositive or partially dispositive issues appropriate for decision by motion or by agreement.**

      a.     <u>Plaintiff-Counterclaim Defendant</u>:   ADA believe that the issue of Atlas' non-performance under the Agreement is one that can be resolved either by Agreement or dispositive motion.  Atlas disagrees with ADA's position on this issue.

      b.     <u>Defendant-Counterclaim Plaintiff</u>:   Atlas believes its request for declaratory judgment regarding Atlas's rights during the Trial Period of the Agreement can be resolved by dispositive motion.  ADA disagrees with Atlas's position on this issue.

**9.     Whether the parties have complied with self-executing discovery (initial disclosures) as required by Rule 26(a).**

The Parties are prepared to make Fed. R. Civ. P. 26(a)(1) disclosures, but have agreed to jointly request the entry of a suitable protective order prior to the exchange.  The Parties anticipate submitting a Joint Motion for Entry of Protective Order on October 24, 2022.

**10.    Whether the parties can stipulate to any facts to avoid or minimize discovery; the nature and type of discovery each party intends to pursue, whether proportionality of discovery is an issue, whether the parties anticipate any issues with discovery of electronically stored information (ESI), and whether the discovery should be limited in any manner.**

      a.     <u>Stipulated Facts</u>:

           i.      ADA and Atlas initiated business discussions in the Fall of 2020.

           ii.     After a September 21, 2021 meeting at Atlas's facility in Gillette, Wyoming, the Parties began negotiating a Letter of Intent ("LOI") to memorialize and set out the main terms of the Parties' business relationship.

    iii.  The Parties finalized and executed their LOI on October 15, 2021.

    iv.  The Agreement was signed October 27, 2021.

  b.  <u>Nature and type of discovery that the Parties' plan to pursue</u>:

    i.  Written discovery, including interrogatories, requests for production, and, potentially, third-party subpoenas under Fed. R. Civ. P. 45.

    ii.  Depositions.

    iii.  Expert opinion testimony.

  c.  <u>Additional considerations</u>:

The Parties do not anticipate any issues with respect to the discovery of electronically stored information. The Parties also do not see any current needs to limit discovery, or any issues that might require the Court to conduct a proportionality analysis.

The Parties will also request the Court enter an agreed upon protective order in this case. The Parties have entered into a confidentiality agreement, and the Parties will seek to protect the confidential and sensitive information exchanged in discovery.

**11.** **Proposed specific dates for each of the following, keeping in mind that trial should occur within approximately nine (9) months from the date of the Initial Pretrial Conference, unless there are unusual or unique circumstances. Parties should be prepared to address any issues that require additional time at the Initial Pretrial Conference.**

  a.  <u>Expert Disclosures</u>: The Parties shall designate expert witnesses regarding any claim, counterclaim, issue, or defense upon which they will have the burden of proof at trial no later than February 27, 2023. The Parties shall designate any expert witnesses that will be providing rebuttal opinions at trial no later than March 20, 2023.

  b.  <u>Fact Discovery</u>: The period for fact discovery shall begin upon the entry of this Case Management Plan by the Court and shall be completed by April 28, 2023. All written discovery shall be served in a time frame that will permit timely responses to be served on or before April 28, 2023.

  c.  <u>Trial</u>: The Parties propose July 31, 2023 as the date to begin trial.

**12.    Indicate any other matters peculiar or unique to this case, including discovery, that deserve the special attention of the Court at the Initial Pretrial Conference.**

None at this time.

**13.    The estimated length of trial and any suggestions for shortening the trial.**

The Parties estimate that trial will last approximately five (5) days.

**14.    The prospects for settlement (good, fair, or poor), including any request of the Court for assistance in settlement efforts.**

The Parties engaged in settlement discussions following the filing of this lawsuit. Those negotiations were not successful in resolving ADA's claims. However, the Parties commit to meeting and conferring on the issue of settlement as this case progresses.

**15.    Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner.**

The Parties anticipate submitting a Proposed Protective Order for the Court to consider. The Parties feel that the entry of this Order will assist in the efficient litigation and resolution of this matter.

/s/ Maxwell N. Shaffer                                  10/21/2022
Counsel for Plaintiff-Counterclaim Defendant            Date

/s/ Jeffrey S. Pope                                     10/21/2022
Counsel for Defendant-Counterclaim Plaintiff            Date