Jeffrey S. Pope (Wyo. State Bar # 7-4859)
Macrina M. Sharpe (Wyo. State Bar # 7-5757)
HOLLAND & HART LLP
2020 Carey Avenue, Suite 800
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: (307) 778-4200
JSPope@hollandhart.com
MMSharpe@hollandhart.com

ATTORNEYS FOR DEFENDANT/COUNTERCLAIM PLAINTIFF
ATLAS CARBON, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ADA CARBON SOLUTIONS (RED RIVER), LLC, a Delaware Limited Liability Company,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>ATLAS CARBON, LLC, a Wyoming Limited Liability Company,<br><br>Defendant/Counterclaim Plaintiff. | Civil Action No. 1:22-cv-00161-SWS |

### DEFENDANT/COUNTERCLAIM PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND BRIEF IN SUPPORT

#### Introduction

Defendant/Counterclaim Plaintiff Atlas Carbon, LLC (Atlas) has never raised an affirmative defense about the advice of its counsel. Atlas has never disclosed discussions with counsel or documents subject to the attorney-client privilege. Yet Plaintiff/Counterclaim Defendant ADA Carbon Solutions (Red River), LLC (ADA) believes deposition answers that Atlas sought and received advice of counsel before sending a letter results in a waiver of the attorney-client privilege. Atlas, however, can find no case law to suggest a party stating it received the advice of counsel results in advice of counsel becoming an affirmative defense. Still, ADA purports to want to depose Atlas's lawyer and call him as a witness at trial. To settle

that Atlas has not invoked the advice of counsel defense and waived its privilege, Atlas asks the Court to enter a protective order precluding ADA from deposing its lawyer.

### Relevant Facts

A month and a half ago, ADA deposed Atlas's CEO, including about Atlas's Force Majeure notice. (*See* Deposition Tr. of Reza Hashampour at 236:6-263:2, attached as Exhibit A.[1]). During the discussion of the notice, Mr. Hashampour mentioned several times that Atlas consulted its attorney (David Sherman) before sending the letter. (*see Id.* at 236:14-15, 239:12-20; 244:8-16.) He did not provide any details of what Atlas and counsel discussed. Instead, Mr. Hashampour explained what he understood the factual basis for the notice, often referring to its contents. (*Id.* at 236:19-237:16.) Critically for this motion, Mr. Hashampour never indicated that Atlas would rely on the advice of its attorney as a defense in this case or disclosed privileged communications. (*See* Exhibit A.) Instead, he pointed out Atlas had withdrawn the Force Majeure notice, making it irrelevant. (*Id.* at 255:22-265:1.)

A month after this deposition, ADA's counsel emailed Atlas's counsel, stating "[i]t is ADA's position that both witnesses have put the advice of counsel, and specifically David Sherman, at issue in the case, by way of the so-called "advice of counsel" defense. We intend to serve a subpoena on him to take a preservation deposition in advance of trial." (Email correspondence attached as Exhibit B.) Atlas's counsel indicated the issue needed to go before Judge Rankin because Atlas was "not defending this case based on some advice of counsel defense." (*Id.* at 1.) After this exchange, ADA's counsel contacted Judge Rankin's chambers for availability to conduct an informal discovery conference to which chambers indicated it would

---

[1] Atlas has attached the entire portion related to the force majeure notice so the Court can have full context. Atlas had designated the entire transcript as confidential but withdraws the designation of confidentiality as to the portions included in this motion.

prefer briefing. (Exhibit C.)

To date, ADA has not filed a motion seeking leave to either take a deposition after the close of discovery or depose Atlas's lawyer. Instead, ADA has listed David Sherman as a witness for trial. Atlas objected to Mr. Sherman as a witness because any relevant information he has is privileged. Noting the lack of a motion to address whether Atlas has or has not interjected advice of counsel as a defense, Judge Skavdahl reserved ruling on Atlas's objection to Mr. Sherman as a witness. Therefore, to address this issue before trial, Atlas has filed this motion to determine that Atlas has not waived its attorney-client privilege, precluding a deposition and therefore any trial testimony from David Sherman.

## Legal Standard

Rule 26 permits discovery of non-privileged matters relevant to a claim or defense. Fed. R. Civ. P. 26(b)(1). The Court can enter a protective order to preclude depositions provided the parties have conferred in good faith to resolve the issue. *Id.* at (c). Here, the parties have conferred and not been able to resolve the issue. (*See* Exhibit B.) That leaves the Court to decide if Atlas has interjected advice of counsel as a defense.

In diversity cases, the substantive law of the forum state governs the privilege. *Seneca Ins. Co. v. Western Claims, Inc.*, 774 F.3d 1272, 1275 (10th Cir. 2014); *Indem. Ins. Co. of N. Am. v. Pettit*, 2005 U.S. Dist. LEXIS 61021, *6 (D. Wyo. 2005). Under Wyoming law, if a party relies on the defense of advice of counsel, the party may waive the privilege. *Id.*

## Argument

Atlas has not invoked the advice of counsel defense and has not waived its attorney-client privilege. None of Atlas's affirmative defenses mention advice of counsel. (*See* ECF No. 17 at 18-19.); *see also* Fed. R. Civ. P. 12(b) (requiring every defense…shall be asserted in the

3

responsive pleading.) None of its counterclaims mention advice of counsel. (ECF No. 17 at 23-24.) And to be clear, Atlas will not defend this case using an advice of counsel defense. *See Kovacs v. Hershey Co.,* 2006 U.S. Dist. LEXIS 69342, *22-24 (D. Colo. 2006) (explaining that the Court is "entitled to rely on representations of counsel as an officer of the Court about what evidence or defenses will be presented on behalf of a client.")

Instead, the only mention of advice of counsel came in response to questions during a deposition that asked about the process of sending a force majeure notice. Importantly, during his deposition, Mr. Hashampour neither disclosed the communications with Mr. Sherman nor indicated Atlas would defend any part of this case based on the advice of its counsel. While Wyoming has not defined an explicit test for how a party invokes advice of counsel, it has rejected the exact scenario in this case as invoking the advice of counsel defense. *See Oil, Chem. & Atomic Workers Int'l Union v. Sinclair Oil Corp.*, 748 P.2d 283, 290 (1987) (rejecting a claim of waiver because responses to questions from appellant's counsel that a lawyer participated in a decision to send a letter did not invoke the advice of counsel defense.)

Similarly, this district relied on the same case to conclude that responses to deposition questions about a lawyer's insurance coverage opinions did not invoke advice of counsel. *Indem. Ins. Co. of N. Am.*, 2005 U.S. Dist. LEXIS 61021, *5-9. In *Indem.*, the court noted that legal opinions are part of many discussions but that does not mean a party is relying on the advice for a defense. *See id.* at *8. Instead, a party must assert the defense of advice of counsel through a pleading. *Id.; see also Bounds v. San Lorenzo Cmty. Ditch Ass'n,* 2011 U.S. Dist. LEXIS 175616, *7-8, 2011 WL 13266524 (D. N.M. 2011) (finding that it is not enough for an attorney's advice to affect a client's state of mind to invoke advice of counsel as a defense; instead, the party must place the advice at issue and attempt to prove that by disclosing attorney-client communications.)

4

And even limited disclosure of attorney-client communications in response to discovery does not waive the privilege if a party does not intend to rely on advice of counsel as a defense. *Original Rex, L.L.C. v. Beautiful Brands Int'l*, LLC, 2011 U.S. Dist. LEXIS 42528, *3 (N.D.O.K. 2011).

## Conclusion

Put simply, Atlas has not and will not assert the advice of counsel defense and thus has not waived its attorney-client privilege. ADA cannot discover the privileged communications between Atlas and its counsel or elicit testimony about them during trial. Therefore, Atlas requests the Court enter an order precluding ADA from deposing and/or calling David Sherman as a witness at trial.

DATED: August 11, 2023.

*/s/ Jeffrey S. Pope*
Jeffrey S. Pope (Wyo. State Bar # 7-4859)
Macrina M. Sharpe (Wyo. State Bar # 7-5757)
HOLLAND & HART LLP
2020 Carey Avenue, Suite 800
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: (307) 778-4200
JSPope@hollandhart.com
MMSharpe@hollandhart.com

ATTORNEYS FOR DEFENDANT/COUNTERCLAIM PLAINTIFF ATLAS CARBON, LLC

30293785_v1