UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | |
|---|---|
| ADA CARBON SOLUTIONS (RED RIVER) LLC, a Delaware Limited Liability Company,<br><br>Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>ATLAS CARBON, LLC, a Wyoming Limited Liability Company,<br><br>Defendant/Counterclaim Plaintiff. | Civil Case No. 22-CV-161-SWS |

## FINAL PRETRIAL ORDER – BENCH TRIAL

This matter came before the Court on August 8, 2023, for a final pretrial conference held before Scott W. Skavdahl, United States District Judge, pursuant to Fed. R. Civ. P. 16. Maxwell Shaffer appeared as counsel for Plaintiff, and Jeffrey Pope appeared as counsel for Defendant. After consultation with the parties, the Court orders as follows:

(a) *JURISDICTION AND VENUE.* This is an action for breach of contract and breach of the implied covenant of good faith and fair dealing. The Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) (diversity jurisdiction). Jurisdiction and venue in the District of Wyoming are not disputed.

(b) *NATURE OF THE PARTIES' CLAIMS.*

   (1) **Plaintiff's claims in summary.**

   ADA Carbon Solutions (Red River), LLC ("ADA") has claims for breach of contract and breach of the implied covenant of good faith and fair dealing, arising

from Atlas's refusal to honor ADA's orders when made, as required under the Sales Agreement for Products, interpreting the Sales Agreement for Products as providing it with discretion regarding performance where none exists, breaching the express terms and obligations under the Agreement, and, further, following a course of performance that has acted to deprive ADA of the benefit of its bargain.

(2) **Defendant's claims in summary.**

Atlas Carbon, LLC ("Atlas") has a counterclaim for breach of the implied covenant of good faith and fair dealing that arises from ADA's interpretation of the Sales Agreement for Products. Atlas contends ADA's interpretation and enforcement of the contract defeats its purpose in an attempt to force Atlas to become an exclusive under-market value supplier.

(c) *UNCONTROVERTED FACTS.* The following facts are established by admissions in the pleadings or by stipulation of counsel prior to the final pretrial conference.

(1) During 2021, ADA and Atlas negotiated a Sales Agreement for Products, which would govern the purchase by ADA and sale by Atlas of activated carbon products.

(2) Before the parties executed the Sales Agreement for Products, Atlas provided ADA with activated carbon samples produced at Atlas's Gillette, Wyoming plant for the purposes of testing.

(3) On October 27, 2021, the parties executed the Sales Agreement for Products, and made it effective as of November 1, 2022.

(4) The Sales Agreement for Products contains a Trial Period that runs until "ADA has accepted 2.56 Million lbs. of conforming Products from Atlas."

    (5)    Atlas has not yet delivered the full 2.56 million pounds of activated carbon for the Trial Period.

    (6)    None of the product Atlas has delivered to ADA conforms with all specifications set out in Schedule A of the Sales Agreement for Products.

    (7)    Representatives of the parties and Wood PLC met on multiple occasions in 2022 to discuss product quality and efforts to meet the specifications set out in Schedule A of the Sales Agreement for Products.

    (8)    On June 2, 2022, Atlas sent ADA a formal request to change the pricing in the Sales Agreement for Products.

    (9)    ADA declined to agree to an adjustment of the pricing structure set out in Schedule A of the Sales Agreement for Products.

    (10)    On July 5, 2022, Atlas sent ADA a letter invoking the force majeure clause in the Sales Agreement for Products, which notified ADA that Atlas was suspending deliveries for the Trial Period of the Sales Agreement for Products.

    (11)    On August 12, 2022, through the declaration of its CEO, Atlas announced that it had elected to perform pursuant to the Sales Agreement for Products' Trial Period terms.

    (d)   *CONTESTED ISSUES OF FACT.*   The significant contested issues of fact remaining for decision are:

    (1)    Whether Atlas's basis for suspension of performance under the July 5, 2022 notice it served on ADA was an appropriate exercise of force majeure rights under the Sales Agreement for Products.

(2) Whether Atlas's conduct on and since July 5, 2022 has deprived ADA of the benefit of the bargain it negotiated for under the Sales Agreement for Products.

(3) Whether ADA placed orders after Atlas indicated it would resume performance in accordance with the terms of the trial period.

(4) Whether Atlas has revoked its notice of force majeure served on July 5, 2022.

(5) Whether Atlas has refused to accept orders that ADA has submitted since September 1, 2022.

(6) Whether Powder River Basin coal has inherent chemical properties that make it impossible to manufacture the feedstock into activated carbon that meets the specifications set forth on Schedule A to the Sales Agreement for Products.

(7) Whether Atlas resumed performance under the Sales Agreement for Products following the submission of the declaration of its CEO on August 12, 2022.

(8) Whether Atlas had a good-faith basis to serve the notice of force majeure events on July 5, 2022.

(9) Whether Atlas served the notice of force majeure events on July 5, 2022 for an improper purpose.

(10) Whether qualifying force majeure events existed as of July 5, 2022.

(11) Whether ADA suffered measurable damages.

(e) *CONTESTED ISSUES OF LAW.* The contested issues of law in addition to those implicit in the foregoing issues of fact are:

(1) Whether the Sales Agreement for Products requires Atlas to deliver a specific quantity at a specific time during the trial period.

(2) Whether ADA has invoked its early termination rights.

(3) Whether the Sales Agreement for Products allows ADA to force Atlas to supply product in perpetuity.

(4) Whether ADA failed to mitigate damages.

(5) Whether ADA can attempt to recover damages for periods outside the trial period.

(6) Whether it is impossible for Atlas to perform the Sales Agreement for Products.

(7) Whether Atlas's force majeure notice served on July 5, 2022 constitutes a material breach of the Sales Agreement for Products.

(8) Whether Atlas's conduct on and since July 5, 2022 constitutes material breaches of the Sales Agreement for Products.

(9) Whether Atlas's course of conduct since April 2022 has resulted in a breach of the implied covenant of good faith and fair dealing in the Sales Agreement for Products.

(10) Interpretation and construction of the terms used in the Sales Agreement for Products and how those terms affect the parties' duties and rights in the Agreement.

(f) *CURRENT STATE OF DISCOVERY.*   Discovery has been completed and the discovery deadline has expired.

(g) *AMENDMENTS TO PLEADINGS.*   There have been no requests to amend the pleadings.

(h) *TRIAL EXHIBITS.*   The parties' proposed trial exhibits are identified in **Appendix A**, attached hereto.

(1) The parties reserve the right to submit any exhibits listed by the opposing party and

any exhibits necessary for rebuttal.

(2) Before trial begins, each party must supply the Court with <u>one (1) hard copy and one (1) electronic/digital copy</u> of all exhibits to be used at trial. The hard copies of exhibits should be placed in a ringed binder with a copy of the exhibit list at the front and with each exhibit tabbed. The electronic copy may be provided on a USB drive, DVD, or CD.

(3) COURT REPORTER'S REQUIREMENTS. **At least five (5) days** before trial, each party must furnish to the court reporter, Megan Strawn, at **megan_strawn@wyd.uscourts.gov**, an electronic <u>list</u> of all exhibits that may be offered, an electronic <u>list</u> providing the names of all anticipated witnesses, and electronic keyword indices (if applicable) for all anticipated expert witnesses. Additionally, <u>any requests for realtime reporting, daily copy, or other similar services must be made to the court reporter at least **seven (7) days** prior to trial</u>.

(i) *USE OF JURY EVIDENCE RECORDING SYSTEM (JERS)*. Even though this is a bench trial, the Court uses the Jury Evidence Recording System (JERS) for the electronic display of exhibits at trial. The parties must provide a copy of their trial exhibits in electronic format (on a USB drive, DVD, or CD) to the Office of the Clerk of Court at least **seven (7) days** prior to the start of trial. The parties should provide their exhibits in the following electronic file formats:

- **Documents and Photographs:** .pdf, .jpg, .bmp, .tif., or .gif
- **Video/Audio Recordings:** .avi, .wmv, .mpg, .mp3, .mp4, .wma, or .wav

<u>Individual files should not exceed 500MB.</u> If possible, exhibits approaching or exceeding this size limit should be separated into multiple files. The parties may obtain additional information

regarding the submission of electronic exhibits by contacting the Clerk's Office.

(j) *TRIAL WITNESSES*. The parties have identified their anticipated trial witnesses in **Appendix B**, attached hereto.

    (1) The parties reserve the right to call any witness listed by the opposing party and any witnesses required for rebuttal.

    (2) A party listing a "will call" witness <u>guarantees</u> that witness's presence or availability at trial.

    (3) No later than **seven (7) days** before trial, counsel shall provide Judge's Chambers, via email to wyojudgesws@wyd.uscourts.gov, with an estimate of time on the stand for each witness to be called. Plaintiff should provide Defendant with a list of witnesses it intends to call on the first day of trial <u>no later than close of business on Friday, August 25, 2023.</u> During trial, counsel shall provide opposing counsel with a list of witnesses the party intends to call the following day.

(k) *USE OF DEPOSITIONS AT TRIAL.* If any party intends to offer all or any portion of a deposition at trial, the following process must be followed:

    (1) At least **ten (10) business days** before trial, the offering party shall notify the opposing party of all designated portions of deposition testimony the offering party intends to introduce at trial. The offering party should highlight the designated portions of the deposition transcript in ==yellow== for the opposing party.

    (2) At least **five (5) business days** before trial, the opposing party shall notify the offering party of any objections to the deposition designations and/or any counter-designations for additional portions of the deposition to be offered at trial. The

    opposing party should highlight all counter-designated portions of the deposition transcript in **blue** for the offering party.

 (3) At least **three (3) business days** before trial, the parties must notify the Court in writing of any objections that could not be resolved informally by the parties. The parties shall jointly file the deposition dispute in the record, with sufficient information and context to enable the Court to provide a pretrial ruling on the matter. The parties should highlight all objected-to testimony in the deposition transcript in **gray** (or any other color that is sufficiently distinguishable from blue and yellow) for the Court. The Court will issue a ruling on the deposition dispute(s) as quickly as possible in order to give the parties time to edit their deposition transcripts or videos as necessary to conform to the Court's rulings.

(*l*) PARTIES' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW. Plaintiff shall file its Proposed Findings of Fact and Conclusions of Law at least **ten (10) days** prior to the commencement of trial. Defendant shall file its responsive Proposed Findings of Fact and Conclusions of Law **five (5) days** before trial. The parties' Proposed Findings of Fact and Conclusions of Law must also be sent as an attachment via email directly to Judge Skavdahl's Chambers at wyojudgesws@wyd.uscourts.gov, formatted for Microsoft Word or WordPerfect.

 (1) Plaintiff's Proposed Findings of Fact and Conclusions of Law <u>must include</u> (A) a narrative statement of all facts proposed to be provided and (B) a concise statement of plaintiff's legal contentions and the authorities supporting them:

  (A) Plaintiff's narrative statement of facts shall set forth in simple declarative sentences all the facts relied upon in support of Plaintiff's claim for relief.

        It shall be complete in itself and shall contain no recitation of any witness testimony or what the Defendant has stated or admitted in these or other proceedings, and no references to the pleadings or other documents. It may contain references in parentheses to the names of witnesses, depositions, pleadings, exhibits or other documents, but no party shall be required to admit or deny the accuracy of such references. It shall, so far as possible, contain no pejoratives, labels, or legal conclusions. It shall be so constructed, in consecutively numbered paragraphs (though where appropriate a paragraph may contain more than one sentence), that the opposing parties will be able to admit or deny each separate sentence of the statement.

    (B)    Plaintiff's statement of legal contentions shall set forth all such contentions necessary to demonstrate the liability of Defendant. Such contentions shall be separately, clearly, and concisely stated in separately numbered paragraphs. Each paragraph shall be followed by citations of authorities in support thereof.

(2)    Defendant's <u>responsive</u> Proposed Findings of Fact and Conclusions of Law <u>must correspond</u> to Plaintiff's proposal.

    (A)    Defendant shall first admit or deny each separate sentence contained in Plaintiff's narrative statements of facts. In instances where a portion of a sentence can be admitted and a portion denied, Defendant shall state clearly the portion admitted and the portion denied. Each separate sentence of

     Defendant's response shall bear the same number as the corresponding sentence in Plaintiff's narrative statements of facts. In a separate portion of Defendant's narrative statement of facts, Defendant shall set forth all affirmative matter of a factual nature relied upon by Defendant, constructed in the same manner as Plaintiff's narrative statements of facts.

  (B) Defendant's proposed conclusions of law shall follow suit, first responding directly to Plaintiff's legal contentions and then separately setting forth additional contentions of Defendant as may be necessary to demonstrate the Defendant's position. Defendant's statement of legal contentions shall be constructed in the same manner as is provided for the similar statement of Plaintiff.

(m) *OTHER MATTERS.* The following additional matters were determined to aid in the disposition of the action:

  (1) **Disclosure Statements.** Each party was ordered to disclose the names and citizenship of their respective members, pursuant to Fed. R. Civ. P. 7.1(a)(2), <u>on or before August 14, 2023</u>. The parties have since done so. (ECF Nos. 61, 77.)

  (2) **Witness Testimony.** Defendant objected to two of Plaintiff's "may call" witnesses: David Sherman and Michael Jones. For those reasons as set forth on the record, the Court sustained Defendant's objection to Michael Jones being called as a witness. As to David Sherman, the Court denied without prejudice Defendant's objection to Mr. Sherman as a witness, based on his testimony being protected by the attorney-client privilege and attorney work-product doctrine.

> The Court denied Atlas's objection, subject to what evidence is offered at trial.

(3) **Remote Witnesses.** Counsel indicated some witnesses may appear remotely via video teleconference. Subject to the agreement of the parties, the Court finds good cause to allow witnesses in this matter to appear via video teleconference. *See* Fed. R. Civ. P. 43(a). <u>Each party must have a representative present **in person** at trial</u>. Any court-approved witnesses appearing by video teleconference <u>must coordinate</u> with the Clerk's Office in Casper <u>a date and time on or before August 18, 2023,</u> to test their connection with the Court. Any unresolved disputes regarding witnesses appearing via videoconference were to be presented to the Court no later than <u>August 14, 2023</u>. None were presented.

(4) **Witness Sequestration.** Plaintiff requested witnesses be sequestered. Pursuant to Fed. R. Evid. 615, all witnesses, who are not representatives of the parties to appear in person, are hereby ordered sequestered. Counsel is tasked with policing their own witnesses to ensure this sequestration order is followed.

(5) **Shared Exhibits.** The parties were ordered to confer regarding shared exhibits, or those the parties both plan to offer at trial and have raised no objection to. The parties were ordered to provide an updated list of exhibits to the Court <u>on or before August 18, 2023</u>. The parties filed Amended Exhibit Lists on August 14, 2023 (ECF No. 73), incorporated herein as Appendix A.

(6) **Pending Motions.** There are no pending motions. At the final pretrial conference, the Court set a briefing schedule for then-pending Plaintiff's motion to amend/motion for leave to file second amended complaint (ECF No. 58). The

Court denied that motion by written order on August 17, 2023. (ECF No. 81.) Additionally, three days after the final pretrial conference, Defendant filed a motion for protective order regarding David Sherman (ECF No. 68). The Court denied Defendant's motion by oral ruling, on August 17, 2023, which is hereby incorporated herein.

(n) *TRIAL SETTING.* This case is set for a bench trial commencing on Monday, August 28, 2023, at 9:00 a.m. in Casper, Wyoming. It is stacked #1 on the Court's civil docket but is currently stacked behind one criminal trial. Counsel should be prepared to address any pending issues at 8:30 a.m. on the first day of trial. The estimated length of trial is four (4) days. The parties indicate the likelihood of settlement is poor. The Court can assist the parties in coordinating any mediation efforts prior to trial, but the trial will not be continued to allow the parties to conduct mediation or settlement negotiations.

(o) *MODIFICATIONS AND INTERPRETATION.* This Final Pretrial Order has been formulated after conference at which the attorneys for the respective parties appeared and were heard. Hereafter, this Order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice. The pleadings will be deemed merged herein. In the event of ambiguity in any provision of this Order, reference may be made to the transcript of the final pretrial conference and to the pleadings.

**ORDERED**: August __17th__, 2023.

Scott W. Skavdahl
United States District Judge