Stephen R. Winship, Wyo. Bar No. 5-2093
WINSHIP & WINSHIP, P.C.
145 S. Durbin Street, Suite 201
Casper, Wyoming 82601
Phone: 307.234.8991
Email: steve@winshipandwinship.com

Thomas D. Leland, pro hac vice
LELAND LAW LLC
8694 E. 28th Avenue
Denver, Colorado 80238
Phone: 303.961.8072
Email: thomas.leland@lelandlawllc.com

*Attorneys for Plaintiff-Counterclaim Defendant*
*ADA Carbon Solutions (Red River), LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| ADA CARBON SOLUTIONS (RED RIVER), LLC, a Delaware Limited Liability Company,<br><br>Plaintiff-Counterclaim Defendant,<br><br>v.<br><br>ATLAS CARBON, LLC, a Wyoming Limited Liability Company,<br><br>Defendant-Counterclaim Plaintiff. | Case No. 1:22-cv-00161-SWS |

**MOTION FOR LEAVE TO FILE CO-TRUSTEE CITIZENSHIP MATERIALS AS NON-PUBLIC DOCUMENTS**

Plaintiff-Counterclaim Defendant ADA Carbon Solutions (Red River), LLC ("ADA") moves under U.S.D.C.L.R. 5.1(g) for leave to file as non-public documents the declaration(s) and supporting exhibits that ADA will submit to establish the state citizenship of the individual co-trustee of the EKT Trusts, consistent with the Court's February 25, 2026 Order Requiring Supplemental Documentation (ECF No. 137).

**Local Rule 7.1(b)(1)(A) Certification:** Undersigned counsel certifies that he conferred with Jeff Pope, counsel for Defendant and Counterclaim Plaintiff Atlas Carbon, LLC ("Atlas"), by email on November 2 and November 4, 2026 regarding the requested relief. Mr. Pope indicated by return email on November 4, 2026 that Atlas does not oppose the requested relief.

## I. BACKGROUND

1. On October 27, 2026, the Tenth Circuit abated ADA's appeal and remanded this matter "for Plaintiff ADA Carbon to prove and the district court to find the state citizenship of Bessemer Trust's individual co-trustee by a preponderance of the evidence." (Order at 3, ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC, No. 26-8019 (10th Cir. Oct. 27, 2026), Doc. 39.) The Tenth Circuit retained jurisdiction over the appeal and directed this Court to forward its factual findings when the limited remand is complete. (*Id.*)

2. The individual co-trustee is a nonparty who, together with nonparty Bessemer Trust Company of Florida ("BTFL"), serves as co-trustee of the C.H. Friedler GST Exempt Trust, the F.M. Friedler III GST Exempt Trust, the M.T. Friedler GST Exempt Trust, and the M.T. Friedler Non-Exempt Trust (the "EKT Trusts"). The EKT Trusts are limited partners of EKT Investment Limited Partnership, a member of Atlas. (ECF No. 135-20 ¶¶ 9–14.)

3. During the prior remand, the Court required the parties to submit the trust documentation governing the EKT Trusts and, given "the potential confidential nature of this information," allowed the parties to file those documents as non-public. (ECF No. 137 at 2.) ADA filed the trust documentation as a non-public document. (ECF No. 141.)

4. To satisfy the Tenth Circuit's remand, ADA expects to submit (a) a declaration from the individual co-trustee and/or a supplemental declaration from BTFL identifying the co-trustee and stating the facts that bear on the co-trustee's domicile on July 25, 2022; and (b) supporting exhibits, which may include instruments appointing the co-trustee, driver's license

and voter registration records, property and homestead records, and information about state tax filing status (collectively, the "Co-Trustee Materials").

5. The Co-Trustee Materials will contain personal identifying information and private residential, financial, and tax information about a nonparty individual, as well as confidential trust administration records that BTFL produced subject to the parties' Stipulated Protective Order (ECF No. 28).

## II. ARGUMENT

6. "Every court has supervisory power over its own records and files," and the common-law right of access to judicial records "is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). The presumption of access may be rebutted where countervailing interests heavily outweigh the public interest in access. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). The party seeking to restrict access must articulate a real and substantial interest that justifies depriving the public of access to the records. *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012). The Federal Rules likewise protect personal identifiers in court filings and authorize the Court to order filing under seal or to limit remote access. Fed. R. Civ. P. 5.2(a), (d), (e). Local Rule 8.1 similarly protects personal identifiers in court filings. U.S.D.C.L.R. 8.1.

7. Those standards are met here. The Co-Trustee Materials concern a private individual who is not a party, has no stake in the merits, and is providing information only so that the Court can determine its jurisdiction. Home addresses, identification numbers, voter records, and tax information are the kind of personal information that courts routinely protect. BTFL has treated the co-trustee's identity as confidential throughout this litigation, and the Court has already found that trust information of this kind may be filed as non-public. (ECF No. 137.) By

contrast, the public interest in the underlying personal records is minimal: the jurisdictional question turns on the Court's finding of the co-trustee's state of citizenship, and that finding will be public.

8. Local Rule 5.1(g) provides that, "Absent prior Court authorization or order, no case or documents may be filed under seal or as non-public." U.S.D.C.L.R. 5.1(g). The Court's prior authorization (ECF No. 137) extended to the trust documentation, so ADA seeks authorization for the Co-Trustee Materials now, before filing them. ADA requests only non-public status, the least restrictive level of restriction, rather than sealing. Non-public filings are unavailable through PACER but remain accessible to the parties and counsel of record through CM/ECF, so Atlas will have full access to the Co-Trustee Materials. (See U.S. Dist. Ct. D. Wyo., CM/ECF Procedures Manual § III.P.)

9. ADA's request is narrowly tailored. ADA will publicly file its supplemental brief, which will identify the state in which the co-trustee was domiciled on July 25, 2022, and the basis for that conclusion. ADA will also publicly file redacted versions of the declaration(s) that omit the co-trustee's name and personal identifiers. Only the unredacted declaration(s) and the exhibits containing personal or confidential trust records will be filed as non-public.

10. ADA further requests that the non-public Co-Trustee Materials be transmitted to the Tenth Circuit, in the same non-public status, as part of the record supporting the Court's findings on limited remand.

11. Atlas does not oppose this Motion, and no party will be prejudiced by the requested relief.

WHEREFORE, ADA respectfully requests that the Court enter an Order (a) granting ADA leave to file the Co-Trustee Materials as non-public documents; (b) directing ADA to

publicly file its supplemental brief and redacted versions of the declaration(s) as described above; and (c) providing that the non-public Co-Trustee Materials be transmitted to the Tenth Circuit in non-public status with the Court's findings on limited remand. A proposed order is submitted with this Motion.

Dated November 4, 2026.

Respectfully submitted,
WINSHIP & WINSHIP, P.C.

By: */s/ Stephen R. Winship*
Stephen R. Winship, Wyo. Bar No. 5-2093
145 S. Durbin Street, Suite 201
Casper, Wyoming 82601
Phone: 307.234.8991
Email: steve@winshipandwinship.com

LELAND LAW LLC
By: */s/ Thomas D. Leland*
Thomas D. Leland, pro hac vice
8694 E. 28th Avenue
Denver, Colorado 80238
Phone: 303.961.8072
Email: thomas.leland@lelandlawllc.com

Attorneys for Plaintiff-Counterclaim Defendant
ADA Carbon Solutions (Red River), LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2026, I electronically filed the foregoing Motion for Leave to File Co-Trustee Citizenship Materials as Non-Public Documents with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including:

Jeffrey S. Pope
Macrina M. Sharpe
Isaac N. Sutphin
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
Cheyenne, Wyoming 82003-1347
jspope@hollandhart.com
mmsharpe@hollandhart.com
insutphin@hollandhart.com
Attorneys for Defendant-Counterclaim Plaintiff Atlas Carbon, LLC

*/s/ Thomas D. Leland*
Thomas D. Leland